USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/16/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNEDY BROWN,

Petitioner,

-against-

SUPERINTENDENT THOMAS GRIFFIN,

Respondent.

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

13 Civ. 1352 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Petitioner Kennedy Brown filed this petition for section 2254 review, *see* 28 U.S.C. § 2254, of his conviction by the New York Supreme Court, New York County, of several counts of robbery and possession of a criminal weapon. Petitioner exhausted all available state remedies, and filed this petition timely.

This case comes to me upon the Report and Recommendation ("R&R") of United State Magistrate Judge Frank Maas, and timely objections by petitioner. The case originally was assigned to Hon. Harold A. Baer, Jr., and was transferred to me following his death. I continued the reference to Judge Maas, who issued his R&R on May 12, 2016. (Dkt. No. 22.) Judge Maas recommended that the petition should be denied. The petitioner filed his objections on May 26, 2016. (Dkt. No. 26.)

The district court reviews de novo the portions of a magistrate judge's report to which the parties raise objections. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72; *see, e.g.*, *Cardell Fin. Corp. v. Suchodolksi Associates, Inc.*, 896 F. Supp. 2d 320, 324 (S.D.N.Y. 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge may accept, set aside, or modify the findings and recommendations of a magistrate judge. *Cardell*, 896 F. Supp. 2d at 324.

I have reviewed Judge Maas' excellent R&R, and I have reviewed the record and briefs for my de novo review. (*See* Dkt. No. 12.) I hold that petitioner's objections are without merit.

1. Petitioner cannot show that the trial court's denial of his request for substitution counsel violated his Sixth Amendment right to counsel. The trial judge acted within his discretion in refusing to appoint a new attorney to represent petitioner at the eve of trial. The court had previously granted a motion by petitioner to discharge a prior counsel, and warned petitioner against further substitutions of counsel. A trial court has discretion in determining whether to grant such a substitution, with pertinent factors including the timeliness of the defendant's motion, the adequacy of the trial court's inquiry into the matter, the extent of the breakdown in communication between the defendant and attorney, and the defendant's contribution to the breakdown in communication. *See United States v. John Doe No. 1*, 272 F.3d 116, 122-23 (2d Cir. 2001). It is true that defense counsel conceded that his communication with petitioner had been limited at the time of the petitioner's pro se motion. It is also true that counsel explained this complaint to the court instead of petitioner, but petitioner does not now contend that he had additional concerns not brought to the court's attention. Petitioner cannot show that the trial court abused its discretion in light of the lateness of the request, the adequacy of the court's inquiry into the reason for the dissatisfaction and subsequent instructions to counsel to undertake communications before the trial commenced, and the adequacy of counsel's actual representation in trial.

2. Petitioner's objection that his trial counsel was not given adequate time to prepare or to meet with him, in violation of his Sixth Amendment right to counsel, is without merit. Although the court told counsel that trial would not be adjourned, the beginning of trial

was delayed sufficiently to allow preparations and meetings. Petitioner is not entitled to any presumption of ineffectiveness, *see United States v. Cronic*, 466 U.S. 648 (1984), in light of the fact that counsel had time to fashion a defense. Nor was there any actual prejudice, as the record demonstrates that counsel provided meaningful representation at both the suppression hearing and the trial. *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983).

It is clear from the record and the briefs that petitioner was given a fair trial, that he was ably represented, that he was properly found guilty of the crimes charged, and that there is no basis under AEDPA, 28 U.S.C. § 2254, to overturn the judgment of the Supreme Court. Accordingly, I adopt Judge Maas' report and recommendation and dismiss the petition. The Clerk shall enter judgment for the respondent, dismissing the petition, and mark the case closed.

A certificate of appealability shall not issue, since petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: August 16, 2016
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge